IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. BOYLE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 05-1321 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Caiazza |
| FRANKLIN J. TENNIS, | ) | |
| Superintendent, SCI-Rockview, | ) | |
| and the PENNSYLVANIA ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by John F. Boyle pursuant to the provisions of 28 U.S.C. § 2254, be dismissed and that a certificate of appealability be denied.

### II.  REPORT

John F. Boyle, ("Boyle" or "the Petitioner"), is a State prisoner, convicted of multiple indecent assault charges relating to three minor children. Currently he is serving an aggregate sentence of fifteen to thirty years imprisonment. In this federal habeas action he seeks relief pursuant to 28 U.S.C. § 2254. Essentially, he claims that his counsel was ineffective because he was informed that pursuant to a guilty pleas agreement his minimum sentence would be five years when, in fact, the court imposed a minimum sentence of fifteen years. As a result, he

argues that his plea was not knowingly entered.[1]

A. **Discussion**

   1. **The Relevant Law**

As the basis for this federal habeas action, Boyle says that during the guilty plea proceedings, his privately retained counsel "misled him off-the-record to believe that . . . the sentence would be no more than a five year minimum." Doc. 2 at 8. Specifically, he contends that counsel told him that "if he entered the plea, he would be sentenced to serve three concurrent five (5) year mandatory minimum sentences, with either fifteen (15) to thirty (30) year maximum." Doc. 2 at 8. He makes the same claim with respect to all counsel who represented him during the course of his criminal proceedings. Because the instant habeas petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act[2] ("AEDPA"), that statute controls the court's consideration of this petition. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

---

[1] The record before this court shows that the plea agreement was for a term of fifteen to thirty years on three separate criminal Complaints, "reflecting the mandatory minimum of 5 to ten years on each of the three victims." Doc. 16-3 at 23. The court, however, sentenced the Defendant to a term of fifteen to thirty years on each Complaint, but directed that the sentences be served concurrently. Doc. 16-3 at 39. Although the sentence did not adhere strictly to the plea agreement, the result was the same because the three sentences Boyle is now serving are on a concurrent basis.

[2] Pub. L. 104-132, 110 Stat. 1214 (1996).

Where, as here, the state courts have reviewed a federal issue presented to them and disposed of the question on the merits  -and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards for federal review. See 28 U.S.C.§ 2254(d) and (e). As construed by the United States Supreme Court, AEDPA limits habeas relief for errors of law to only two situations: 1) where the State court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where the State court decision "involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362, 404-05 (2000). The Williams Court explained the two circumstances in the following manner:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. AEDPA also permits federal habeas relief if the state proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

See 28 U.S.C. (d)(2). Moreover, it is Boyle's burden to prove
that the State court decision is either contrary to or an
unreasonable application of clearly established federal law. He
also has the burden to show that in the state proceedings there
was an unreasonable determination of the facts. See Matteo v.
Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999);
Werts, 228 F.3d at 197.

   **2.** **Analysis**

   The main issue Boyle raises in his habeas petition is the
layered ineffective assistance of counsel because of their
failure to raise the issue of an alleged involuntary guilty plea.
That issue was addressed by the State courts on the merits.

   First, this court's review of the "contrary to" clause
reveals that the State court relied upon the three pronged test
utilized by Pennsylvania state courts that was first announced in
Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987). Doc. 16-6 at 8-9
(Pa. Super. Ct. Op.).[3] See Werts, 228 F.3d at 203. Pursuant to the
Court of Appeals' holding in Werts, Boyle is barred from arguing
that the Pennsylvania Superior Court's decision applying the
Pierce standard is "contrary to" the standard announced in

---

   [3] The Pennsylvania Superior Court actually cited to Commonwealth
v. Kimball, 724 A.2d 326, 333 (Pa. 1999). However, the court in
Kumball stated that it was applying the Pierce standards. See also
Commonwealth v. Goldberg, 773 A.2d 126, 129 (Pa. 2001)("Accordingly,
we held [in Kimball] that the standard of review   . . . of an
ineffectiveness claim raised [in a post conviction proceeding] is the
Strickland standard.").

<u>Strickland v. Washington</u>, 466 U.S. 668 (1954).

Next, Boyle cites to no relevant cases showing an unreasonable application of federal law. To prevail on this argument, he must show that the State court unreasonably applied the correct governing legal principle to the facts of his case. That being said, to establish an ineffective assistance of counsel claim, Boyle must show that his underlying claim had merit and that he was prejudiced by counsels' alleged conduct. <u>See</u> <u>Werts</u>, 228 F.3d at 203 ("counsel cannot be ineffective for failing to raise a meritless claim."). Here, the Petitioner's claim must fail, essentially because the State court made reasonable factual determinations then applied those facts correctly to the relevant law.

With respect to its factual findings, the Pennsylvania Superior Court determined that Boyle's underlying claim was without merit, *i.e.*, that Boyle was not mislead by counsel. <u>See</u>, <u>e.g</u>, Doc. 16-6 at 13 (Pa. Super. Ct. slip op.) ("This Court agrees with the PCRA court that Appellant's contention that he was induced to enter an unknowing, unintelligent and involuntary guilty plea because of plea counsel's ineffective assistance is wholly frivolous."). <u>See</u> <u>also</u> Doc. 16-4 at 25 (Petitioner's claim that he was mislead by his attorney "is patently without merit and did not require a hearing because the record developed in this case was more than sufficient to demonstrate that everyone

involved with Boyle's pleas, including Boyle, knew that he was
going to receive a sentence of fifteen to thirty years.").

In sum, Boyle is precluded from showing that the <u>Pierce</u>
standard is "contrary" to the standard announced in <u>Strickland.</u>
Also, he has not shown that tha state courts unreasonably applied
the correct legal principle to the facts of this case or that the
state court's factual findings were contrary to the record
evidence.[4]

### 3.   **The Request for an Evidentiary Hearing.**

Boyle's request for an evidentiary hearing has no merit. <u>See</u>
<u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)("Contentions that
in the face of the record are wholly incredible are subject to
summary dismissal.").

### B.   **Certificate of Appealability**

A certificate of appealability, which is a prerequisite for
allowing an appeal to a Court of Appeals, should not be issued
unless the petitioner "has made a substantial showing of the
denial of a constitutional right."   28 U.S.C. § 2253 (c)(2). A
"substantial showing" requires a habeas petitioner to show that
"jurists of reason would find it debatable whether the petition

---

[4] Boyle's claim must fail for another reason. Here, the record
shows that there was an extensive plea colloquy wherein the court set
out the terms of the plea bargain, which included a sentence of
fifteen to thirty years. <u>See</u> <u>e.g.</u> <u>Ramos v. Rogers</u>, 170 F.3d 560, 565
(6th Cir. 1999) ("Moreover, the state trial court's proper colloquy . .
. cured any misunderstanding [the petitioner] may have had about the
consequences of his plea.").

states a valid claim of the denial of a constitutional right[.]" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). <u>See also</u> <u>Walker v.</u> <u>Government of The Virgin Island</u>, 230 F.3d 82, 89-90 (3d Cir. 2000).

Applying this standard here, jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability should be denied.

### III.   <u>CONCLUSION</u>

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

July 11, 2006

cc:

John F. Boyle
EV-1790
Box A
SCI ROCKVIEW
Bellefonte, PA  16823

Rebecca D. Spangler, Esq.
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA  15219

Francis X. Caiazza
U.S. Magistrate Judge

-7-